Gaudio v Grabler Bldg. Condominium (2020 NY Slip Op 01700)





Gaudio v Grabler Bldg. Condominium


2020 NY Slip Op 01700


Decided on March 12, 2020


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on March 12, 2020

Richter, J.P., Manzanet-Daniels, Singh, Moulton, JJ.


153998/16 11245 150982/16 11246 11247 11244

[*1] Joseph Gaudio, et al., Plaintiffs-Appellants,
v
The Grabler Building Condominium, et al., Defendants, Jordan Cooper, LLP, Defendant-Respondent.
Joseph Gaudio, et al., Plaintiffs-Appellants,
v
The Grabler Building Condominium, et al., Defendants, Paul Brensilber, Defendants-Respondent.
Joseph Gaudio, et al., Plaintiffs-Appellants,
v
The Grabler Building Condominium, et al., Defendants-Respondents, Jordan Cooper, LLP, et al., Defendants.
Joseph Gaudio, et al., Plaintiffs-Appellants,
v
Lesle Harris, et al., Defendants-Respondents, John and Jane Does, et al., Defendants. The Grabler Building Condominium, et al., Intervenors-Respondents.


The Basil Law Group P.C., New York (Robert J. Basil and David A. Cohen of counsel), for [*2]appellants.
Morris Duffy Alonso & Faley, New York (Iryna S. Krauchanka and Kevin G. Faley of counsel), for Jordan Cooper, LLP, respondent.
Law Offices of Michael E. Pressman, New York (Eric S. Fenyes of counsel), for Paul Brensilber, respondent.
Fixler & LaGattuta, LLP, New York (Luigi Tollis of counsel), for The Grabler Building Condominium and The Board of Managers of the Grabler Building Condominium, respondents.
Michael Stepper, New York, for Leslie Harris and Pamela Harris, respondents.



Orders, Supreme Court, New York County (Carol R. Edmead, J.), entered October 1, 2018, which granted the motions of defendants Grabler Building Condominium/Board of Managers of the Grabler Building Condominium, Paul Brensilber, and Jordan Cooper, LLP, respectively, to dismiss the complaint (Index No. 153998/16) on res judicata grounds, unanimously reversed, on the law, without costs, and the motions denied. Orders, same court and Justice, entered December 10, 2018 and January 9, 2019, which denied plaintiffs' motion to amend a November 14, 2016 judgment and granted the cross motion of defendants Leslie Harris and Pamela Harris to the extent of awarding them attorneys' fees and costs in the amount of $500 from plaintiffs and their counsel, and granted the motion of intervenor Jordan Cooper & Associates, Inc. to the extent of awarding them attorneys' fees and costs from plaintiffs in the amount of $500 (Index No. 150982/16), unanimously modified, on the law, to deny the motions for attorneys' fees and costs, and otherwise affirmed, without costs.
Res judicata did not bar plaintiffs' current action seeking compensation for injuries and damages resulting from a mold condition in their apartment in the building owned and managed by defendants (see Matter of Hunter, 4 NY3d 260, 269 [2005]). The record shows that a stipulation discontinuing a prior lawsuit against one of defendants' board members for his alleged tortious acts was not intended to encompass plaintiffs' current mold-related claims (see e.g. Frenk v Solomon, 173 AD3d 490 [1st Dept 2019]).
There was no basis for an award of costs and attorneys' fees against plaintiffs.
THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: MARCH 12, 2020
CLERK